# REPORTS OF CASES ADJUDGED

IN THE

# SUPREME COURT OF PORTO RICO.

## THE MUNICIPAL COUNCIL OF COAMO
### *v.* THE PEOPLE OF PORTO RICO.

### APPEAL from the District Court of San Juan.

No. 6.—Decided June 8, 1903.

DIPUTACION PROVINCIAL.—OBLIGATIONS NOT ENFORCEABLE.—An action of a
temporary nature taken by the provincial committee of the former *Diputación Provincial* granting a subsidy to a municipal corporation for the
purpose of carrying out a municipal work and not finally passed upon by
the *Diputación* does not create an obligation enforceable at law.

#### STATEMENT OF THE CASE.

In the "litigative-administrative" case pending before us on
appeal, between the Municipal Council of Coamo, represen-
ted by José de Guzmán Benítez, Esq., and the People of
Porto Rico, represented by the *Fiscal,* for the reversal of a
judgment rendered by the District Court of San Juan,
which literally reads:

"In the City of San Juan, Porto Rico, December 22, 1902. A hearing
has been had in this "litigative-administrative" proceeding prosecuted by the
Municipal Council of Coamo as plantiff, represented by José de Guzmán
Benítez, Esq., against the administration as defendant, represented by the
*Fiscal,* in the matter of a claim made by said Municipal Council against a
decision of the liquidating commission of the *Diputación Provincial* refusing
to pay a subsidy of six thousand *pesos* provincial money."

"According to a letter dated May 8, 1900, the *Alcalde* of Coamo pre-
sented to the Chairman of the Claims Commission of the former *Diputación
Provincial* of Porto Rico, copies of the documents showing the appropriation
of six thousand provincial *pesos,* made by said *Diputación,* on January 3,
1898, in favor of the Municipal Council for the reconstruction of the town-
hall, which appropriation had been, it was stated, recognized by the late
office of the Secretary of the Treasury, on April 25, 1899. Aforesaid copies

tifican el crédito de seis mil pesos provinciales que dicha Diputación concedió en 3 de Enero de 1898 á favor del Ayuntamiento para reconstruir la casa municipal, crédito reconocido (dice) por la suprimida Secretaría de Hacienda, en 25 de Abril de 1899 : siendo las copias mencionadas : 1. Una comunicación de la Administración Civil de la Isla, expresiva de que la Comisión Provincial y Asociados, acordó acceder á lo solicitado por el Ayuntamiento, concediéndosele seis mil pesos para la reconstrucción de la Casa Consistorial que quedó reducida á cenizas en el incendio de 27 de Marzo de 1897. 2. Acuerdo del Ayuntamiento de Coamo suplicar se satisfaga esa subvención. 3. Otro acuerdo de 7 de Febrero de 1900, reiterando la súplica expresada, por ser en la fecha del acuerdo aflictiva la situación de las clases trabajadoras del término municipal, y llevando á efecto la fábrica se proporcionará trabajo al obrero. 4. Otro acuerdo suplicando se satisfaga el crédito y expresando en él que ha sido reconocido por la Secretaría de Hacienda, en 25 de Abril de 1899, manifestando al Alcalde que se satisfaría sin demora. 5. Acuerdo de la Comisión Liquidadora, por dos votos contra uno, que no estaba en las atribuciones de la Comisión reconocer la validez de esa subvención como crédito contra la Diputación Provincial, porque dicha Comisión fué creada para examinar y aprobar las reclamaciones válidas fundadas en consideraciones legales dentro de los servicios prestados ó suplementos hechos á la Diputación; siendo el voto del otro que era de accederse á la petición tan pronto se justifique se construya el edificio. 6. Comunicación de la Comisión al Alcalde, remitiendo dichas opiniones. 7. Acuerdo del Ayuntamiento se suplique á este Tribunal considere este asunto y lo resuelva á favor de la Municipalidad por lo legal del reclamo, y contestación del Tribunal diciéndole ejercite su derecho en forma, y estar enterado el Ayuntamiento, acordando que el Alcalde nombre Abogado que se encargue del asunto ".

*Resultando :* que el Ayuntamiento de Coamo formuló demanda pidiendo se declare válida y eficáz la obligación constituida por la extinguida Diputación Provincial, por seis mil pesos provinciales ó tres mil seiscientos oro americano, que al Tesorero de Puerto Rico es á quien compete hacer efectiva dicha obligación de los fondos de El Pueblo de Puerto Rico, á su cargo, y condenarlo á pagar, sin demora, al demandante dicha suma con las costas, fundándola en los hechos que aparecen del anterior resultando ".

*Resultando :* que el Ministerio Fiscal contestó alegando la falta de personalidad en el demandante, y si no procede se declare sin lugar la demanda con las costas ; sentó como hechos que la Diputación concedió la subvención, acuerdo que se mandó cumplir por el Gobirno General de la Isla, sin llegar á percibirla el Ayuntamiento ; que abolida la Diputación en 29 de Octubre de 1898 y fundado el Ayuntamiento en que el Tesorero asumió el activo y el pasivo con el compromiso de pagar sus deudas, reclama, agotada

were:  1. A communication from the Civil Administration of the Island, stating that the Provincial Commission and Associates had decided to grant the request of the Municipal Council and had accordingly allowed the same six thousand *pesos* for the reconstruction of the town hall which had been destroyed by the fire of March 27, 1897;  2.  Resolution of the Municipal Council of Coamo, praying that said subsidy be paid;  3. Another resolution of February 7, 1900, renewing aforesaid request, in view of the distressing situation of the laboring classes in the municipal district at the date of the resolution, and by constructing the hall work would be afforded the laborers;  4. Another resolution praying that the appropriation be paid and stating therein that it had been recognized by the office of the Secretary of the Treasury, April 25, 1899, who had informed the *Alcalde* that it would be paid without delay;  5. A resolution of the Liquidating Commission passed by two votes against one, to the effect that the Commission had no power to recognize the validity of the subsidy as a claim against the *Diputación Provincial*, because said Commission was created to examine and approve valid claims, based upon legal consideration of services rendered and supplies furnished to the *Diputación*, while the other member of the Commission was of the opinion that the request should be granted as soon as it was shown that the building was being constructed;  6. A communication from the Commission to the *Alcalde* forwarding said opinions;  7. A resolution of the Municipal Council to the effect that this court be requested to take up this matter and decide it in favor of the Municipality in view of the legality of the claim, and the reply of the court suggesting that it exercise its right in due form, whereupon the Municipal Council resolved that the *Alcalde* be authorized to employ counsel to take charge of the matter.

The Municipal Council of Coamo brought an action based upon the foregoing facts, demanding that judgment be rendered declaring valid the obligation contracted by the late *Diputación Provincial*, amounting to six thousand provincial *pesos*, equal to three thousand six hundred dollars, United States gold, and that it devolves upon the Treasurer of Porto Rico to satisfy said obligation out of the funds of the People of Porto Rico, of which he is custodian, and that he be adjudged to pay without delay, said sum with costs to the plaintiff.

In answer to the complaint the *Fiscal* pleaded a want of capacity on the part of the plaintiff, and prayed that should this plea be overruled, the complaint be dismissed with costs against plaintiff, setting forth as facts that the *Diputación* had granted the subsidy, a resolution which was ordered by the Insular Government to be complied with, but that the Municipal Council had not received the money; that the *Diputación* having been abolished, on October 29, 1898, the Municipal Council claimed that the Treasurer had assumed the assets and liabilities thereof with the obligation to pay

la vía gubernativa, siendo el derecho: que el Ayuntamiento tiene facultades restringidas, carece de capacidad legal para esas reclamaciones, excepto en casos en que le sea conferida por Ley especial, y no acreditándose estar autorizado el Ayuntamiento, hay falta de personalidad: que si está revestido de los requisitos para comparecer, no puede sostenerse la demanda, porque suprimida la Diputación y traspasadas sus propiedades al Gobierno para que pagase las deudas pendientes, no quería decir liquidare cantidades que no tenían tal carácter, y sí el de liberalidad; que al pagar no podía exceder del activo realizado, y no alcanzando no está sujeto al pago, no pudiendo responder con bienes sujetos á fines de beneficencia é instrucción; que la subvención era una ayuda y no acreditado el comienzo de la obra debe considerarse resuelta esa obligación por no haber cumplido el Ayuntamiento, y que la Diputación al acordar la subvención infringió el artículo 77 de la Ley Provincial aplicada á Puerto Rico".

*Resultando:* que abierto á prueba, no habiendo propuesto las partes ninguna dentro del término señalado, á instancia del demandante siguieron los autos su curso, y señalado día para la vista, se celebró, informando lo que estimaron procedente á su derecho, habiéndose observado las reglas de tramitación que la Ley determina en esta instancia.—Siendo Ponente el Juez Presidente Don Juan Morera Martinez.

*Considerando:* que los Ayuntamientos, Diputaciones y el Estado debían y deben consignar en sus respectivos presupuestos determinadas partidas forzosas por la Ley, por referirse á gastos y servicios indispensables, y otras voluntarias, para cubrir las que juzgaban convenientes según los recursos de que pudieran disponer.

*Considerando:* que siendo el acuerdo de la Diputación el expresado en el primer resultando, debe comprenderse en las partidas á incluir como voluntarias, y no en las forzosas, por lo que no habiéndose justificado se principió la obra, como así se deduce claramente del otro acuerdo que consta en dicho resultando, para nacer el derecho al cobro, no es posible acceder á lo que en esta demanda se solicita.

*Considerando:* que no tratándose de créditos por obligaciones contra la Diputación, y sí de una merced para ayudar á reconstruir una obra de cargo del Ayuntamiento reclamante, no habiéndose además acreditado se consignara en presupuesto, y abolida la Diputación en 29 de Noviembre de 1898, por la Orden Militar No. 17, solo puede reputarse el acto reclamado como una concesión incumplida por parte del concesionario, á quien incumbe hacer la obra por ser la reconstrucción de la Casa Consistorial un servicio de carácter Municipal.

*Fallamos:* que debemos declarar, y declaramos, sin lugar la demanda; absolvemos á la Administración, y en su virtud que el Tesorero de Puerto

its debts, and after going through all the stages of administrative procedure applies to the court, and as legal grounds alleged: that as the powers of Municipal Councils were restricted, they had no legal capacity to prosecute such claims, except when especially conferred upon them by law, and as it had not been shown that the Municipal Council of Coamo had been so authorized, there was a lack of capacity; that even if it had the necessary capacity to sue, the action could not be maintained, because the *Diputación* having been abolished, the transfer of its properties to the Government for the purpose of meeting its outstanding liabilities, did not mean that it was to pay sums that did not come within such designation, but were rather in the nature of a benefaction; that in making payments it could not exceed the available assets, beyond which it was not obligated, nor could it apply for the purpose any of the properties that were set apart for charitable and educational purposes: that the subsidy or donation had been intended as an aid, and as it was not shown that the work had been commenced, the obligation had extinguished for non-performance on the part of the Municipal Council; and that the *Diputación*, in allowing the subsidy had violated article 77 of the Provincial Law, made applicable to Porto Rico.

The taking of evidence having been ordered, none was offered by either of the parties within the period prescribed, and on motion of the plaintiff the case was proceeded with, a day being set for the hearing, when both parties presented arguments in support of their respective claims. All the rules of procedure established by law for courts of first instance were complied with. Judge Juan Morera Martínez prepared the opinion of the court.

Municipal Councils, "Deputations" (Legislatures), and the State, were and are required to include in their budgets certain items made compulsory by law because they have reference to unavoidable expenses and services, and such voluntary items as are needed to cover other expenses and services deemed advisable, in accordance with the means at their disposal.

The resolution of the *Diputación* being as set forth in the first finding of fact it should be included among the voluntary, and not the compulsory items, and inasmuch as it has not been shown that the work was commenced, as is to be inferred from the other resolution contained in said finding of fact which was necessary in order to have a right to recover, the claim presented in this suit can not be sustained.

The question not being one of a claim against the *Diputación* arising from an obligation on the part of the latter, but only as a favor or gift to aid in the construction of a work incumbent upon the Municipal Council, and moreover, as it has not been shown that the item was included in the budget, and the *Diputación* having been abolished on November 29, 1898, by General Order No. 17, the sum claimed can only be viewed as a concession which was not fulfilled by the concessionary whose duty it was to execute

Rico no está obligado á pagar la cantidad que el Ayuntamiento de Coamo reclama en este pleito, con las costas.

Así por esta nuestra sentencia lo pronunciamos, mandamos y firmamos.— Juan Morera Martinez.—Juan Hernández Lopez.—Jacinto Texidor,

*Resultando :* que contra dicha sentencia interpuso la representación del Ayuntamiento de Coamo recurso de apelación que le fué admitido; y elevados los autos á este Tribunal Supremo, con citación y emplazamiento de las partes, se llenaron los trámites prevenidos por la Ley y se señaló día para la vista, que tuvo lugar con asistencia de aquéllas.

Abogado del apelante : *Sr. Guzmán Benitez, (José).*

Abogado del apelado : *Sr. del Toro,* Fiscal.

the work, as the construction of the town hall is a service of a municipal character.

We adjudge that we should declare and do declare that the complaint does not lie; the Administration is exonerated from all responsibility in the matter and, accordingly, the Treasurer of Porto Rico is not under any obligation to pay the sum claimed in this suit by the Municipal Council of Coamo, costs being taxed against the plaintiff.

Thus by this our judgment do we pronounce, command and sign.—Juan Morera Martínez.—Juan Hernández López.—Jacinto Texidor".

From the foregoing decision the attorney for the Municipal Council of Coamo took an appeal which was allowed, and the record having been forwarded to 'this Supreme Court, the parties were summoned, the procedure provided for by law being complied with a day was set for the hearing which was had in the presence of the parties.

*Mr. José de Guzmán Benítez*, for appellant.

*Mr. del Toro, Fiscal*, for respondent.

MR. JUSTICE SULZBACHER, after setting forth the above facts, delivered the following opinion of the court:

The foregoing findings of fact are accepted.

The resolution of the Provincial Committee and Associates, which afforded a basis for this appeal, was in the nature of a temporary measure, according to article 61 of the Provincial Law of December 31, 1896, and as it does not appear that the *Diputación* had finally passed upon it as required by said article, it therefore lacks a condition that is necessary to create an obligation capable of being demanded in a court of justice, for which reason the Municipal Corporation of Coamo has no right of action in the premises.

We adjudge that we should affirm, and do affirm, the judgment appealed from, rendered by the District Court of San Juan, December 22, 1902. A certificate of this decision is ordered to be forwarded, and the record returned to said court for the proper purposes.

Chief Justice Quiñones, and Justices Hernández, Figueras and MacLeary, concurred.